## RODNEY v. JONES.

Supreme Court. Sussex. October, 1794.

*Bayard's Notebook, 78.†*

---

* This case is also reported in *Wilson's Red Book, 22.*
† This case is also reported in *Wilson's Red Book, 23.*

The case was argued by *Miller* and *Bayard* for the plaintiff, and *Ridgely, Peery* and *Wilson* for defendant.

THE COURT having taken time to consider, their opinion was delivered by READ, C. J. The first reason assigned in arrest of judgment is that the bond is not given to the State and could not be taken by the Judge of the Admiralty in his own name. It is contended that the case is within the Act of Assembly which directs public bonds to be taken in the name of the State. Whether it be within that Act or not does not appear to us material; because though it ought regularly to have been given to the State, yet we consider it, as it is taken, a good bond at common law. There is no principle at common law which avoids the bond, and, as the voluntary deed of the party, it must bind him. A recognizance directed by a statute, if taken in a manner not pursuant to the statute, yet may be good at common law, Salk. 564, 2 Ld. Raym. 756, 2 Hawk.P.C. 414, c. 27, s. 53.

There is little mention made of a Court of Admiralty in the laws of our state.

The Twelfth Section of the late Constitution directs the appointment of a Judge of Admiralty, and the Act of Assembly of 22nd of February, 1777, provides for his pay and emoluments. The court existing, necessary incidents must be attributed to it, though not expressly provided by law. A necessary incident was an officer to execute its process; and it followed of course that the court had the power of appointing a marshal for that purpose, 1 Roll.Abr. 526, 2 Com.Dig. 610 (P4).[1] Having a power to appoint a marshal, the judge had not only a power, but it was his duty to take security for the faithful performance of the duties of the office. We know that the power of appointing a marshal was exercised by the Court of Admiralty in Pennsylvania in the year 1750. Nay, they there exercised the extraordinary power of appointing a deputy judge of the court. There can be no objection to the appointment of the marshal by the court, and we conceive there is no validity in that which is raised to the security he was required to give.

---

[1] The reference is to the Dublin edition of 1785.

The second reason assigned in arrest of judgment is a want of jurisdiction in this Court over those matters which a suit on the bond may involve. It is said the suit in effect is to compel the distribution of prize money and that this is a matter which exclusively belongs to the Court of Admiralty. The judge has made a condemnation as prize, the property has been sold and the money come into the hands of the marshal. He has not paid it over to the captors, and this is the breach of the condition of the bond for which the suit is brought. The leading case on the subject of admiralty jurisdiction is *Lindo and Rodney,* Doug. 591. It is settled in that case that the question of prize and no prize and all its consequences belongs to the Court of Admiralty. The expression, all its consequences, certainly is not to be taken according to the extreme latitude of the words. In *Le Caux and Eden,* Doug. 579, Willes, J., says when the cause of action is the necessary and natural consequence of the capture as prize, there the Admiralty has exclusive jurisdiction. On this point the Court need give no opinion, but they will state as connected with the present subject that in a case where the Court of Admiralty can afford no remedy, the courts of common law must have jurisdiction. In this we are justified by the opinion of Buller, J., Doug. 588–590. In fact such is the present case; the bond being in the name of the judge, he could not sit in a suit in which he was a party himself.

It is not necessary to go far in deciding the point before us. The cause of action is not legally speaking a consequence of the capture as prize. A legal consequence of capture as prize is always something which may lead to and involve the question of prize; and because the courts of common law cannot decide the question of prize, therefore can they take no cognizance of such consequences as may lead to the principal question. If they were to take cognizance of such matters the principal question might be indirectly drawn *ad aliud examen.* In the present case there could be no question of prize. That had been decided, and the decision of the Court of Admiralty would be conclusive with us. This suit, so far from drawing the question of prize from the Court of Admiralty, is grounded upon the final decision of the question by that court. We do not go upon the ground of this being a suit upon an instrument under seal, for we agree with what is said by Buller, J., 1 Term 269–70, that the question whether the admiralty has jurisdiction depends on the subject matter, and where there is from the subject matter jurisdiction, the circumstance of an instrument under seal will not oust the jurisdiction.

We consider the bond as good at common law, and the suit as involving no question not fit for this Court to determine. And we further apprehend that as the judge is a party to the bond and third persons are joined as sureties of the marshal in the bond, that there is clearly no remedy in the Court of Admiralty. And, in consequence, that this Court has jurisdiction.

The motion is therefore overruled, and the plaintiff must have judgment.